**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0436n.06
Filed: June 21, 2007

**No. 06-3883**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MARIA CONCEPCION RAMIREZ-RODRIGUEZ | ) | |
| | ) | |
| | ) | ON PETITION FOR REVIEW |
| Petitioner, | ) | OF AN ORDER OF THE |
| | ) | BOARD OF IMMIGRATION |
| v. | ) | APPEALS |
| | ) | |
| ALBERTO R. GONZALES, Attorney General | ) | |
| of the United States, | ) | |
| | | |
| Respondent. | | |

**Before:  ROGERS and COOK, Circuit Judges; and DOWD, District Judge**[*]

**ROGERS, Circuit Judge.**  Maria Concepcion Ramirez-Rodriguez petitions this court for review of the decision of the Board of Immigration Appeals (BIA) summarily affirming the deportation ordered by the Immigration Judge (IJ) and the IJ's denial of Ramirez-Rodriguez's motion to withdraw her application for admission.  Because the IJ did not have authority to allow Rodriguez-Ramirez to withdraw an application for admission made several years before the deportation proceedings and because Ramirez-Rodriguez is indeed inadmissible, we deny the petition for review.

---

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Ramirez-Rodriguez is a native and citizen of Mexico. In 1995, she purchased a counterfeit Texas birth certificate. When she attempted to cross the border from Mexico into the United States at Laredo, Texas, in 1999, she presented to the field inspector the fake birth certificate and a Mexican tourist document indicating that she was an American citizen. Upon being questioned by the inspector, she admitted that she was not a United States citizen and that she had presented these documents with the intent that the officer would let her enter the United States as though she were a citizen. The Immigration and Naturalization Service placed her in expedited removal proceedings and removed her to Mexico, warning her that because of her removal she was not to return to the United States for five years. Nonetheless, she illegally re-entered the United States two to three days later.

In 2002, she applied for adjustment of status (Form I-485) as an immediate relative of her naturalized-citizen husband. In January 2003, after having left the United States under circumstances not apparent in the record, she re-entered the United States pursuant to an advance parole granted on the basis of her pending Form I-485. In 2004, the Department of Homeland Security (DHS) denied the Form I-485 application for adjustment of status, reasoning that she was inadmissible because she (1) had sought to procure admission by fraud (in 1999) and (2) illegally re-entered after having been previously removed (also, presumably, in 1999). DHS sent Ramirez-Rodriguez a Notice to Appear, charging her with removability on the grounds that (1) she was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) for having falsely represented herself as a U.S. citizen in order to gain admission, and (2) she was inadmissible under 8 U.S.C. § 1182(a)(9)(A)(i) for having sought

admission (presumably by means of the application for adjustment of status) within five years of a previous removal.

In her direct testimony in removal proceedings before the IJ, Ramirez-Rodriguez admitted presenting the counterfeit birth certificate and Mexican tourist document at the 1999 border inspection, but she denied that she had intended to use these documents to establish that she was a United States citizen. On cross-examination, however, she admitted that in presenting the documents, she was claiming to be born in the United States. She further admitted that she intended the inspector to believe that she was a United States citizen.

During the removal proceedings, Ramirez-Rodriguez requested that she be allowed to withdraw her application for admission. (As explained below, there arose later a dispute about exactly what Ramirez-Rodriguez was seeking to withdraw.) The IJ denied her request, reasoning that her 1999 attempt to enter the United States represented a deliberate, obvious fraud. In reaching his conclusion, the IJ relied on an immigration law treatise and the Inspector's Field Manual, and stated that "withdrawal is not given where there is an obvious deliberate fraud." Because she made no claims that would allow her to avoid removal, the IJ ordered her removed to Mexico, reasoning that (1) she was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) for having falsely represented herself as a U.S. citizen in order to gain admission, and (2) she was inadmissible under 8 U.S.C. § 1182(a)(9)(A)(i) for having sought admission within five years of a previous removal. The Board of Immigration Appeals affirmed without separate opinion.

Ramirez-Rodriguez now petitions this court for review, arguing that the IJ abused its discretion when it denied her motion to withdraw her application for admission.[1] First, we must determine which application she was referring to when she made the motion to withdraw before the IJ. Based on a transcript of the removal proceedings, it appears that the IJ believed that Ramirez-Rodriguez was attempting to withdraw the application for admission contained in her Form I-485 application for adjustment of status. It also appears from Ramirez-Rodriguez's briefs to this court that she was requesting that she be allowed to withdraw her application for adjustment of status. At oral argument, however, counsel appeared to change course and explicitly limited his argument to the contention that Ramirez-Rodriguez was actually asking the IJ for permission to withdraw Ramirez-Rodriguez's application for admission made in 1999, when she attempted to cross the border using the fake birth certificate and tourist document. This position reflects that it is the attempt to gain admission by fraud in 1999 that renders Ramirez-Rodriguez inadmissible and that bars her from adjusting her status to that of a legal permanent resident. *See* 8 U.S.C. §§ 1182 (a)(6)(C)(ii) and 1255(a).

On either theory, Ramirez-Rodriguez is not entitled to relief. Regarding Ramirez-Rodriguez's 2002 application for admission, counsel at oral argument expressly disavowed that he

---

[1]Ramirez-Rodriguez raised the argument for the first time in her reply brief that she was denied a fair hearing in violation of the Due Process Clause because any effort to introduce evidence of humanitarian grounds in support of her withdrawal motion was "fruitless." Ramirez-Rodriguez waived this argument as it was not presented in her original brief. *United States v. Kakos*, 483 F.3d 441, 446 n.4 (6th Cir. 2007). We further note that Ramirez-Rodriguez never attempted to introduce any evidence of humanitarian considerations during the removal proceedings.

was appealing any decision by the IJ dealing with that application for admission. Given this concession, it is unnecessary for this court to address the IJ's denial as it might pertain to the 2002 application for admission that was before the IJ below.

Regarding the 1999 application for admission, the relevant regulations and statutes simply do not give the IJ the power to allow a retroactive "withdrawal" of a five-and-a-half-year-old application for admission that resulted in expedited removal at the border. The Attorney General has discretion to allow withdrawals of applications pursuant to 8 U.S.C. § 1225(a)(4), which provides that "[a]n alien applying for admission may, in the discretion of the Attorney General and at any time, be permitted to withdraw the application for admission and depart immediately from the United States." By regulation, the IJ is delegated a portion of that power:

> An immigration judge may allow only an arriving alien to withdraw an application for admission. . . . An immigration judge shall not allow an alien to withdraw an application for admission unless the alien, in addition to demonstrating that he or she possesses both the intent and the means to depart immediately from the United States, establishes that factors directly relating to the issue of inadmissibility indicate that the granting of the withdrawal would be in the interest of justice. . . .

8 C.F.R. § 1240.1(d).

Clearly, both of these provisions refer to withdrawal of a pending application and not to the retroactive undoing of a long since completed wrongful attempt to enter. We are pointed to no authority whatsoever in support of the latter, counter-intuitive reading of the statutory and regulatory provisions. Under such a strained reading, the IJ would be required to ask, among other things,

whether, five years prior to the removal proceedings, the alien had the means to depart from the United States immediately. Exactly how the IJ would be in the position to make such a determination is a question left unanswered by the petitioner. The regulation simply does not confer on the IJ the power to allow Ramirez-Rodriguez to allow the withdrawal of a years-old application that was rendered moot by her deportation.

Ramirez-Rodriguez also maintains that the IJ erred in finding that Ramirez-Rodriguez was inadmissible. Ramirez-Rodriguez apparently is arguing that, had her motion been granted to "withdraw" the 1999 entry attempt, then the only basis for her removal would have been under 8 U.S.C. § 1182(a)(9)(A)(i), for having sought admission within five years of a previous removal. That ground also appears to preclude admissibility, but we need not reach the issue. Given Ramirez-Rodriguez's admissions at the removal proceedings and the fact that the IJ did not have the power to allow her to withdraw retroactively her application for admission made at the border in 1999, it is clear that Ramirez-Rodriguez was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii) for having falsely represented herself as a U.S. citizen in order to gain admission. Because this was a valid ground for removal, we do not reach Ramirez-Rodriguez's argument that the IJ erred in determining that she was inadmissible for having sought admission within five years of a prior removal.

For the foregoing reasons, the petition for review is denied.